NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EISAI CO., LTD and EISAI, INC., ) | Hon. Garrett E. Brown, Jr. |
| Plaintiffs, ) | Civil Action No. 05-5727 (GEB) |
| v. ) | Civil Action No. 07-5489 (GEB) |
| TEVA PHARMACEUTICALS USA, INC., ) TEVA PHARMACEUTICAL INDUSTRIES, ) LTD., and GATE PHARMACEUTICALS (a ) division of Teva Pharmaceuticals USA, Inc.) ) | **MEMORANDUM OPINION** |
| Defendants. ) |  |

**BROWN, Chief Judge:**

This matter comes before the Court on the appeal (Doc. No. 272) filed by Defendants Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries, Ltd., and Gate Pharmaceuticals (hereinafter collectively "Teva") from the December 8, 2009 Opinion and Order issued by Magistrate Judge Esther Salas. *Eisai Co. v. Teva Pharms. USA, Inc.*, No. 05-5727, 2009 WL 4666937 (D.N.J. Dec. 8, 2009) (hereinafter "December 8 Order"). For the following reasons, this Court will deny Teva's appeal.

Pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72.1(a), a United States Magistrate Judge may hear non-dispositive motions. On appeal, a district court may modify or set aside a magistrate judge's non-dispositive order if the ruling was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A); *see also Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986). A ruling is clearly erroneous "when although

there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  A magistrate judge's order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006) (citing *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000)).  A magistrate judge's ruling on a non-dispositive matter such as a discovery motion is "entitled to great deference and is reversible only for abuse of discretion." *Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996).  While a magistrate judge's decision typically is entitled to deference, "a magistrate judge's legal conclusions on a non-dispositive motion will be reviewed de novo." *Doe*, 237 F.R.D. at 548.

In her December 8 Order, Magistrate Judge Salas considered Teva's renewed requests for discovery related to Teva's allegations of inequitable conduct in response to the July 6, 2009 Opinion and Order issued by the Honorable Harold A. Ackerman, Senior United States District Judge for the District of New Jersey. *Eisai Co. v. Teva Pharms., Inc.*, 629 F. Supp. 2d 416 (D.N.J. 2009) (hereinafter "July 6 Order").  Teva had appealed Magistrate Judge Salas's orders 1) granting the motion filed by Plaintiffs Eisai Co., Ltd. and Eisai, Inc. (hereinafter "Eisai") to strike portions of Teva's Amended Answers, and 2) denying some of Teva's discovery requests. Judge Ackerman reversed Magistrate Judge Salas's decision to strike certain co-pending applications as evidence of intent to deceive from Teva's Corrected Amended Answer, and vacated her rulings on discovery relating to those stricken allegations.  Judge Ackerman referred

the matter to Magistrate Judge Salas for full reconsideration of the scope of discovery in light of his Opinion and Order, and warned the parties to "litigate this issue without succumbing to the unwelcome distraction of an extended fishing expedition resulting in a virtual side-trial on prior co-pending applications relevant only to intent." July 6 Order, 629 F. Supp. 2d at 433.[1]

In response to Judge Ackerman's decision, Teva sought to compel discovery of two sets of documents. First, Teva sought documents pertaining to the disclosure to the U.S. Patent and Trademark Office (PTO) of *any* other U.S. patent application having claims involving benzylpiperidine derivative compounds during the prosecution of seven other U.S. patents that had at least one claim that included benzylpiperidine derivative compounds. Notably, these seven other patents did not entirely correspond to the four co-pending applications listed in Teva's Corrected Amended Answer and which were the subject of Judge Ackerman's ruling on appeal. Magistrate Judge Salas denied Teva's discovery request in this regard as overbroad and outside the scope of allowable discovery, and concluded that the burden of any further discovery would far outweigh any potential benefit. She reasoned that Teva strayed far outside the allegations of co-pending applications in the Corrected Amended Answer, such that allowing this discovery would lead to the fishing expedition warned against by Judge Ackerman. Magistrate Judge Salas also noted that Plaintiffs Eisai Co., Ltd. and Eisai, Inc. (hereinafter "Eisai") had searched for any documents relating to the discussion of the co-pending applications referenced in the Corrected Amended Answer. December 8 Order, 2009 WL 4666937, at *4.

Second, Teva sought discovery into abandoned applications involving benzylpiperidine derivative compounds. Eisai informed the court that it conducted its own search for certain

---

[1] In August 2009, this matter was reassigned to the undersigned.

documents responsive to Teva's request and found none; Teva contended that Eisai's search was too narrow and not exhaustive. Magistrate Judge Salas denied Teva's motion to compel, stating that after hearing extended oral argument, she was "not convinced that there is any significant difference between the parameters of Eisai's search and the search sought by Teva" and "based on Eisai's representation to this Court about the result of the searches it conducted, it appears that Eisai has already expended a significant effort in its previous search and found no abandoned applications." *Id.* at *6. She concluded that "[a]ny expanded search sought by Teva is vague, overbroad and unduly burdensome," and that "given Teva's inability to articulate a distinction between the search conducted by Eisai and Teva's request, . . . any further search by Eisai would be a burden that outweighs the benefits to Teva." *Id.*

After careful consideration of Magistrate Judge Salas's Order, Judge Ackerman's prior rulings, and the parties' briefing on appeal, this Court concludes that Magistrate Judge Salas did not abuse her discretion. Judge Ackerman's rulings did not mandate wide-ranging discovery into other co-pending applications outside those at issue in the Corrected Amended Answer and the appealed motion to strike. Indeed, Judge Ackerman expressed no view on the permissibility or scope of any additional discovery. July 6 Order, 629 F. Supp. 2d at 433. Judge Ackerman recognized the possibility that no additional discovery would be warranted, as he ordered that a schedule be set for supplementary filing relating to Teva's then-pending motion for summary judgment "[u]pon the close of additional discovery, *if any* . . . ." *Id.* at 434 (emphasis added). Magistrate Judge Salas's denial of further discovery adhered to Judge Ackerman's decision and his admonitions regarding the scope of any additional discovery. Magistrate Judge Salas properly exercised her discretion in concluding that the additional discovery sought by Teva

would be overbroad and unduly burdensome. With regard to the abandoned applications, this Court sees no reason to disturb Magistrate Judge Salas's conclusion, reached after hearing lengthy oral argument, that no significant difference existed between Teva's request and Eisai's search, and that any further search as requested by Teva would be overbroad and unduly burdensome.

While this Court must review the Magistrate Judge's legal conclusions de novo, "where the appeal seeks review of a matter within the exclusive authority of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, may be applied." *DeWelt v. Measurement Specialities, Inc.*, No. 02-3431, 2006 WL 3000194, at *3 (D.N.J. Oct. 20, 2006). This deferential standard "is particularly appropriate in the case where the magistrate judge managed the case from the outset, and thus has a thorough knowledge of the proceedings." *Phillips v. Greben*, No. 04-5590, 2006 WL 3069475, at *4 (D.N.J. Oct. 27, 2006). Magistrate Judge Salas has presided over this case for several years, has heard many discovery disputes in this matter, and has developed a thorough knowledge of the complex scientific issues in this case. As Judge Ackerman stated, Magistrate Judge Salas should be accorded great deference in her discovery rulings. July 6 Order, 629 F. Supp. 2d at 433-34. In ruling on the scope of discovery in light of the parties' allegations and Judge Ackerman's instructions and guidance, Magistrate Judge Salas did not clearly err in any factual finding, did not misinterpret or misapply applicable law, and did not abuse her discretion.

For the foregoing reasons, this Court will deny Teva's appeal of Magistrate Judge Salas's December 8 Order. An appropriate form of order accompanies this Memorandum Opinion.

Dated: June 28, 2010

                                                                                                                     <u>S/Garrett E. Brown, Jr.</u>
                                                                                                Garrett E. Brown, Jr., Chief Judge
                                                                                                United States District Court