NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EISAI CO., LTD. and EISAI INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES, LTD., MUTUAL PHARMACEUTICAL COMPANY, INC, UNITED RESEARCH LABORATORIES, INC, and GATE PHARMACEUTICALS,<br><br>Defendants. | Civil Action No. 05-5727 (GEB-ES)<br>07-5489 (GEB-ES)<br><br>**MEMORANDUM**<br>**OPINION and ORDER** |

**BROWN, Chief Judge**

This matter having come before the Court on Plaintiffs' renewed request for attorneys' fees under 28 U.S.C. § 1927 (Doc. Nos. 328, 334); Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries, Ltd., and GATE Pharmaceuticals, Inc. having opposed that request (Doc. No. 329); and the Court having reviewed all of the submissions and decided the matter without oral argument pursuant to Rule 78; the Court concludes as follows:

1. A court should award attorneys fees as a sanction under § 1927 only in "those situations where an attorney has: (1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct." *LaSalle Nat'l Bank v. First Conn. Hoding Group, LLC XXIII,* 287 F.3d 279, 288 (3d Cir. 2002). The statute "should be construed narrowly and with great caution so as not to stifle the

1

enthusiasm or chill the creativity that is the very lifeblood of the law." *Id.* at 289. As such, courts should exercise this sanctioning power "only in instances of a serious and studied disregard for the orderly process of justice." *Id.* at 288.

2. The Court concludes that these statutory factors were not met in this case. While the motion to modify the injunction and the motion to seal were not ultimately successful, given the narrow construction of the statute, Eisai has not carried its heavy burden to show that these motions were "vexatious" or filed "with bad faith or with intentional misconduct." In sum, it appears that Eisai asks this Court to read malicious intent into these filings based on the surrounding circumstances, but in the absence of more convincing evidence or a history of such malicious filings, the Court declines to do so.

3. Finally, the Court notes that, following this order, all relevant issues have been decided in these cases. The patent has expired and no live controversy exists for the Court.

For these reasons:

IT IS THIS 10th day of February, 2011; hereby

    ORDERED that Eisai's request for attorney's fees is DENIED; and it is further

    ORDERED that the Court dismisses this case as moot.

                                      GARRETT E. BROWN, JR., U.S.D.J.